Electronically Filed
4/21/2020 4:27 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

CAUSE NO. C-1421-20-I

| | | |
|---|---|---|
| MICHAEL LEDESMA<br>Plaintiff, | §<br>§<br>§ | IN THE _____ |
| v. | §<br>§ | DISTRICT COURT OF |
| PROGRESSIVE CASUALTY<br>INSURANCE COMPANY | §<br>§<br>§<br>§<br>§<br>§ | HIDALGO COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION WITH DISCOVERY

Plaintiff is Michael Ledesma ("Michael") who file this complaint against Defendant Progressive Casualty Insurance Company ("Progressive") arising from a denied insurance claim.

### DISCOVERY CONTROL PLAN

1.2   This lawsuit will be controlled by a Level 1 discovery control Plan.

### DAMAGES STATEMENT

1.3   Plaintiff is seeking damages at or under $74,999; therefore, the Texas Expedited Trials Act applies to this action.

### PARTIES

1.4   Plaintiff is MICHAEL LEDESMA, who is a resident of Hidalgo County, Texas.

1.5   Defendant is Progressive Casualty Insurance Company an out of state business entity. This Defendant can be served by serving

**CT Corporations Registered Agent for
Progressive Casualty Insurance Company
1999 Bryan St.**

1

**EXHIBIT A**

C-1421-20-I

Dallas, Texas 75201

## JURISDICTION AND VENUE

1.6   There is a justiciable controversy capable of resolution by this Court concerning Defendants' duty to cover Plaintiff's loss under a policy of insurance.

1.7   Jurisdiction is proper in this Court because the amount in controversy exceeds this Court's minimum jurisdictional limits.

1.8   Venue is proper under Chapter 15 of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Hidalgo County, Texas.

## FACTS

1.9   Michael owns a Dargel Fisherman 186, hereafter referred to as the boat. Michael purchased Progressive Insurance Policy Number 35791672 to cover the boat for loss. The policy contained collision coverage and comprehensive coverage.

1.10   Michael submitted a claim to Progressive. The claim was for damage to his boat's hull due to hull damage by a wake collision.

1.11   Progressive then denied Michael's claim and indicated that the loss was a structural failure and referred to exclusion 8 of the insurance policy.

1.12   The wake damage was a covered loss under the policy's collision and comprehensive coverage.

1.13   The collision coverage provisions of the policy state:

- "If you pay the premium for this coverage, we will pay for sudden, direct and **accidental loss** to a covered watercraft resulting for collision." (emphasis).

- "Collision means the upset of a watercraft or trailer or its impact with another watercraft or **object**." (emphasis).

**C-1421-20-I**

1.14   The comprehensive coverage provisions of the policy states:

- "if you pay the premium for this coverage, we will pay for sudden, direct and accidental loss to a covered watercraft that is **not caused by collision**." (emphasis added).

- A loss not caused by collision includes: (8.) windstorm, hail, **water**, or flood. (emphasis added).

1.15   The hull damage is covered under collision or the alternative comprehensive.

## CAUSES OF ACTION

*Each Cause of Action is stated in the alternative, with the Plaintiff being able to recover on the action which affords it the greatest recovery*

### (A.) Declaratory Judgment

1.16   Pursuant to Tex. Civ. P. Rem. C. 37, Plaintiff seeks a declaratory judgment that the water wake damage to Michael's boat was a covered loss under his progressive insurance policy.

1.17   For this violation, Plaintiff is seeking a declaratory judgment, attorney fees, court costs, pre and post judgment interest, intermediate court appellate fees, and supreme court appellate fees.

### (B.) Breach of Contract

1.18   Michael had an insurance policy with Progressive covering the loss of his boat. The boat sustained wake damage to its hall. Michael's insurance policy contained "collision coverage" as well as "comprehensive coverage" for this type of damage. Progressive denied Michael's claim disregarding the plain reading of the insurance clauses.

1.19   For this violation, Plaintiff his seeking his actual damages, specific performance, attorney fees, pre and post judgment interest, court costs, intermediate court appellate fees, and supreme court appellate fees.

Case 7:20-cv-00129 Document 1-2 Filed on 05/21/20 in TXSD Page 4 of 7

Electronically Filed
4/21/2020 4:27 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-1421-20-I

### (C.) INSURANCE CODE VIOLATIONS

1.20 Progressive committed the following deceptive and unfair acts pursuant to the Texas Insurance Code and Texas Deceptive Trade Practices Act.

1.21 Progressive misrepresented to Michael a material fact or policy provision relating to coverage to wit: his claim was not covered under collision coverage and omitting coverage under comprehensive coverage. Tex. Inx. C. 541.060(a)(1); 28 TAC 21.203(1); and C. 542.003(b)(1).

1.22 Progressive failed in good-faith to effectuate a prompt, fair, and equitable settlement when its coverage or liability became reasonably clear. TEX. INS. C. 541.060(2).

1.23 Progressive failed to provide Michael a reasonable explanation for denying his claim under comprehensive coverage. TEX. INS. C. 541.060(3).

1.24 Progressive denied Michael's claim without conducting a reasonable investigation. TEX. INS. C. 541.060(7). The damage survey was done without the input of Michael Ledesma.

1.25 For these violations, Michael is seeking his actual damages, mental anguish damages, attorney fees, loss of use, court costs, 18% interest of the claim pursuant to 542.062, pre and post judgment interest, intermediate court appellate fees, and supreme court appellate fees.

### REQUEST FOR DISCLOSURES

1.26 Under Texas Rule of Civil Procedure 194, Plaintiffs request that Defendants disclose, within fifty days of the original service of these requests, the information or material described in Rule 194.2.

### CONDITIONS PRECEDENT

1.27 All conditions precedent have been satisfied.

Electronically Filed
4/21/2020 4:27 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-1421-20-I

## VIII. REQUEST FOR PRODUCTION

1.28    Plaintiff serves this request for production pursuant to Texas Rule of Civil Procedure 196. You must produce all requested documents (as they are kept in the ordinary course of business or organized and labeled to correspond with categories in each request) or allow for inspection and copying, not more than 50 days after service.

**Request for Production Number 1:** Please produce copies of all documents and electronic files contained in the underwriting file for policy number 35791672 from January 1, 2018 to the present.

**Request for Production Number 2:** Please produce copies of all documents relating to any claims made on policy number 35791672 in your possession from January 1, 2018 to the present.

**Request for Production Number 3:** Please produce copies of any and all correspondence between you and anyone else regarding the denial of coverage for the damage made the basis of this suit from January 1, 2018 to the present.

**Request for Production Number 4**. Please produce all documents you relied on to support your denial of coverage made the basis of this suit.

**Request for Production Number 5**. Please produce all communications between you and Nautilus Marine Services, Inc, and its agents regarding the claim made the basis of this lawsuit.

**Request for Production Number 6**. Please produce copies of any documents pertaining to the payment of premiums by Michael Ledesma to you from January 1, 2018 to the present.

**Request for Production Number 7**. Please produce any policy, guideline, handbook, or training manual that you relied upon to assess Michael's claim under collision coverage or comprehensive coverage made the basis of this law suit.

5

Case 7:20-cv-00129 Document 1-2 Filed on 05/21/20 in TXSD Page 6 of 7

Electronically Filed
4/21/2020 4:27 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-1421-20-I

**Request for Production Number 8.** Please produce a copy of Michael Ledesma's insurance application with you for policy number 35791672, made the basis of this suit.

**Request for Production Number 9.** Please produce copies of the documentation contained in claim file number 19-2919889.

**Request for Production Number 10.** Please produce a copy of any mailed or electronic correspondence relating to or referring to claim file number 19-2919889.

**Request for Production Number 11.** Please produce a copy of any book, manual, or guideline relied upon you to define terms that are not defined within policy number 35791672.

### TEX. R. CIV. P. 193.7 NOTICE

1.29    All documents produced by the Defendants are authenticated for purposes of Rule 193.7 and will be used by the Plaintiffs at trial or hearings.

### Prayer

1.30    Plaintiff asks that the Defendant be cited to appear and answer, that Plaintiff be granted the relief stated within this petition and all other relief to which Plaintiff may be justly entitled at law or in equity.

The Law Office of Efrain Molina Jr. PLLC

/s/Efrain Molina Jr.
113 W. Samano
Edinburg, Texas 78539
Ph. 956-391-2754
Fax 956-391-2755
efrain@molinalegal.com

Electronically Filed
4/21/2020 4:27 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-1421-20-I**

P. Garza Law P.C.
/s/ **Pablo Garza**
State Bar No. 24059209
621 S. 10th Ave.
Edinburg, Texas 78539
Ph.956-927-2724
Pablo@gg-attorneys.com